

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 26 2017

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

**MELISSA WOLFE and MISTY JOHNSON,**                                            **PLAINTIFFS**
Each Individually and on Behalf of all Others
Similarly Situated

vs.                              No. 5:17-cv-__245 - DPM__

**BASSAM ARAFA, MONTICELLO SEAFOOD**         This case assigned to District Judge _Marshall_
**EATERY, INC., WHITEHALL SEAFOOD, INC.,**    and to Magistrate Judge _Volpe_
**WYNNE SEAFOOD & MORE, INC., and**
**FORREST CITY SEAFOOD, INC.**                                                  **DEFENDANTS**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Melissa Wolfe and Misty Johnson ("Plaintiffs"), by and through their attorneys Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants Bassam Arafa, Monticello Seafood Eatery, Inc., Whitehall Seafood, Inc., Wynne Seafood & More, Inc., and Forrest City Seafood, Inc. (collectively, "Defendant"), do hereby state and allege as follows:

### I.      JURISDICTION AND VENUE

1.      This is a collective action for wages owed. Defendants own and/or operate several restaurants under the name "Sam's Southern Eatery" throughout Eastern Arkansas.

2.      Plaintiffs bring this action on behalf of themselves and all others similarly situated against Defendant for violations of the FLSA, 29 U.S.C. § 201 *et seq.* and the

AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

3. Plaintiffs and all those similarly situated seek a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and civil penalties and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of Defendant's failure to pay minimum wages and overtime under the FLSA and the AMWA.

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Pine Bluff Division of the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## II.    THE PARTIES

7. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

8. Plaintiff Melissa Wolfe is a citizen and resident of Drew County, Arkansas.

9. Plaintiff Wolfe worked for Defendant starting in approximately March of 2017 and continuing through the date of filing Plaintiffs' Original Complaint.

10. Plaintiff Misty Johnson is a citizen and resident of Drew County, Arkansas.

11. Plaintiff Johnson worked for Defendant starting in approximately March of 2017 and continuing through the date of filing Plaintiffs' Original Complaint.

12. Plaintiffs, as employees of Defendant, are or were engaged in commerce or in the production of goods for commerce.

13. Defendant Monticello Seafood Eatery, Inc., is an Arkansas for-profit corporation that operates a restaurant under the name "Sam's Southern Eatery" in Monticello, Arkansas.

14. Defendant Whitehall Seafood, Inc., is an Arkansas for-profit corporation that operates a restaurant under the name "Sam's Southern Eatery" in White Hall, Arkansas.

15. Defendant Wynne Seafood & More, Inc., is an Arkansas for-profit corporation that operates a restaurant under the name "Sam's Southern Eatery" in Wynne, Arkansas.

16. Defendant Forrest City Seafood, Inc., is an Arkansas for-profit corporation that operates a restaurant under the name "Sam's Southern Eatery" in Forrest City, Arkansas.

17. Each of Defendants Monticello Seafood Eatery, Inc., Whitehall Seafood, Inc., Wynne Seafood & More, Inc., and Forrest City Seafood, Inc. (together, the "Corporate Defendants") has as its registered agent for service of process Bassam Arafa, who may be served at 512 Highway 425, Monticello, Arkansas 72205.

18. Defendant Bassam Arafa ("Arafa") is an incorporator and officer of each of the Corporate Defendants.

19. Arafa controls the day-to-day operations at the restaurants operated by the Corporate Defendants.

20. Arafa controls the policies regarding pay for employees of the restaurants operated by the Corporate Defendants.

21. The Corporate Defendants' annualized gross volume of sales made or business done is not less than $500,000.00.

22. Defendants employ individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

23. Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

### III. FACTUAL ALLEGATIONS

24. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

25. Defendant employed Plaintiffs as servers at Defendant's Monticello location during the time period relevant to this lawsuit.

26. At times during the two years prior to the filing of this lawsuit, Defendant also employed Plaintiff Wolfe as a manager at Defendant's Monticello location.

27. At times during the two years prior to the filing of this lawsuit, Defendant also employed Plaintiff Wolfe as a server at Defendant's Wynne location.

28. At times during the two years prior to the filing of this lawsuit, Defendant

also employed Plaintiff Johnson as a server at Defendant's White Hall location.

29.  Defendant pays its servers less than the federal minimum wage of $7.25 per hour. Instead of paying the required minimum wage, Defendant purports to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

30.  Defendant does not inform its employees of the provisions of 29 U.S.C. § 203(m).

31.  Defendant does not keep an accurate account of the tips servers earn at Defendant's restaurants. Rather, Defendant falsely records an amount of tips for each server that would allow Defendant to pay the server less than minimum wage.

32.  In workweeks where a server's wages and tips amount to less than the applicable minimum wage, Defendant does not pay the server any additional wages; as a result, Defendant's servers frequently work for less than minimum wage.

33.  As servers, Plaintiffs and those similarly situated performed both duties that generated tips, such as cleaning, answering telephones, and preparing food ("non-tipped work").

34.  Upon information and belief, Defendant does not distinguish between time spent by servers on tipped work and time spent by servers on non-tipped work; rather, Defendant pays servers less than minimum wage regardless of whether the servers are performing tip-generating duties.

35.  In workweeks when Defendant classified Plaintiff Wolfe as a manager, Defendant paid Plaintiff Wolfe a salary of $340.00 per week.

36.  Defendant required Plaintiff Wolfe to work as a manager for well over forty (40) hours per week, and at times more than eighty (80) hours in a week.

37. Defendant did not pay Plaintiff Wolfe any overtime premium for hours that she worked in excess of forty (40) per week.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

38. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

39. At all relevant times, Plaintiffs and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

40. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA pursuant to 29 U.S.C §§ 207 and 216(b), specifically as follows:

> **All persons whom Defendant classified as servers at any time within the three years prior to the filing of Plaintiffs' Original Complaint.**

41. At all relevant times, Defendant directly hired members of the Collective Action Class to work in restaurants, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

42. At all relevant times, each member of the Collective Action Class regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

43. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's

willful and intentional violation of the AMWA pursuant to Rule 23 of the Federal Rules of Civil Procedure, specifically as follows:

> **All persons whom Defendant classified as servers at any location in Arkansas at any time within the three years prior to the filing of Plaintiffs' Original Complaint.**

44.   This action is properly brought as a class action pursuant to the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

45.   The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that twenty-five class members have worked for Defendant without appropriate pay, as described herein, throughout the applicable statutory period within the State of Arkansas.

46.   This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominate over any questions affecting only individual members, including:

(a)   Whether Defendant kept an accurate accounting of servers' tips;

(b)   Whether Defendant paid servers tipped wages to perform duties that did not generate tips;

(c)   Whether Defendant informed Plaintiffs and others similarly situated about the requirements of 29 U.S.C. § 203(m);

(e)   Whether Defendant satisfied its obligation to pay Plaintiffs and others similarly situated the minimum wage and overtime payments required by the FLSA and the AMWA;

(f)   Whether Defendant's actions were willful; and

(g)  The correct method of calculating back pay.

47.  This litigation is properly brought as a class action because Plaintiffs' claims are typical of the claims of the members of the Class, in that Plaintiffs and others similarly situated were denied their tips and wages as a result of Defendant's uniform policy of paying servers less than minimum wage without properly accounting for servers' tips.

48.  Plaintiffs have no interests antagonistic to the interests of the other members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in class action litigation. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the class.

49.  A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

(a)  Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the class in litigating the common issues on a class-wide, instead of on a repetitive individual, basis;

(b)  Despite the relatively small size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

(c) No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

50. Plaintiffs are not aware of any member of the proposed class who has an interest in individually controlling the prosecution of separate actions, nor are Plaintiffs aware of any other litigation concerning this particular controversy.

51. Class certification is further appropriate under AMWA because Defendant has acted and continues to act on grounds generally applicable to the members of the class and all the requirements under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure are met.

52. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents AMWA claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the class and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

53. The questions of law and fact common to Plaintiffs and members of the putative class predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

54. Plaintiffs and the putative Class have suffered, and will continue to suffer, irreparable damage from Defendant's illegal policy, practice, and custom regarding pay for servers.

55. Defendant has engaged in continuing violations of the AMWA and the FLSA.

56. Plaintiffs and all other similarly-situated employees were denied their tips and wages as a result of Defendant's pay practices. This violation was intended by Defendant and was willfully done.

57. Defendant's actions in denying tips and wages to Plaintiffs and all other similarly-situated employees were intentional and constitute a willful violation of the FLSA.

## V. FIRST CLAIM FOR RELIEF

**(Collective Action Claim for Violation of the Fair Labor Standards Act)**

58. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

59. This is a collective action filed on behalf of all non-exempt servers whom Defendant paid less than the federal minimum wage of $7.25 per hour.

60. At all relevant times, Plaintiffs and all similarly-situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

61. At all relevant times, Plaintiffs and all similarly-situated employees have been "employees" of Defendant's, as defined by 29 U.S.C. § 203(e).

62. At all relevant times, Defendant was an "employer" of Plaintiffs and all other similarly-situated employees, as defined by 29 U.S.C. § 203(d).

63. Defendant failed to pay Plaintiffs and all similarly-situated employees the minimum wages required under the FLSA for tipped work and for non-tipped work.

64. At all relevant times, Defendant willfully failed and refused to compensate Plaintiffs and other similarly-situated employees for all hours worked at the standard

minimum wage under the FLSA because Defendant failed to ensure that the employees' effective wages equaled or exceeded the minimum wage required under the FLSA.

65. Defendant violated Section 203(m) of the FLSA by failing to inform Plaintiffs and similarly situated employees of the provisions of Section 203(m).

66. Defendant's violations entitle Plaintiffs and all other similarly-situated employees to compensatory damages calculated as the full amount of wages owed at the minimum wage of $7.25 per hour less the amount of wages actually received from Defendant.

67. Defendant's violations entitle Plaintiffs and all other similarly-situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

68. Plaintiffs and all other similarly-situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VI. SECOND CLAIM FOR RELIEF

### (Class Action Claim for Violations of AMWA Minimum Wage Provisions)

69. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

70. At all relevant times, Plaintiffs and all similarly-situated employees have been entitled to the rights, protection, and benefits provided by the AMWA.

71. At all relevant times, Plaintiffs and all similarly-situated employees have been "employees" of Defendant's, as defined by Ark. Code Ann. § 11-4-203(3).

72. At all relevant times, Defendant was an "employer" of Plaintiffs and all other similarly-situated employees, as defined by Ark. Code Ann. § 11-4-203(4).

73. Defendant has violated Ark. Code Ann. § 11-4-212 by failing to ensure that Plaintiffs and other similarly-situated employees actually received gratuities sufficient to raise their effective wages to the applicable minimum wage.

74. Defendant failed to pay Plaintiffs and other similarly-situated employees the minimum wages required under the AMWA for tipped work and for non-tipped work.

75. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

76. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations that occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

## VII. THIRD CLAIM FOR RELIEF

**(Individual Claims for Violation of the Fair Labor Standards Act as to Servers)**

77. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

78. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the FLSA.

79. At all relevant times, Plaintiffs have been "employees" of Defendant's as defined by 29 U.S.C. § 203(e).

80. At all relevant times, Defendant was an "employer" of Plaintiffs as defined by 29 U.S.C. § 203(d).

81. Defendant failed to pay Plaintiffs the minimum wages required under the FLSA for tipped work and for non-tipped work.

82. At all relevant times, Defendant willfully failed and refused to compensate Plaintiffs for all hours worked at the standard minimum wage under the FLSA because Defendant failed to ensure that Plaintiffs' effective wages equaled or exceeded the minimum wage required under the FLSA.

83. Defendant violated Section 203(m) of the FLSA by failing to inform Plaintiffs of the provisions of Section 203(m).

84. Defendant's violations entitle Plaintiffs to compensatory damages calculated as the full amount of wages owed at the minimum wage of $7.25 per hour less the amount of wages actually received from Defendant.

85. Defendant's violations entitle Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

86. Plaintiffs are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VIII. FOURTH CLAIM FOR RELIEF

### (Individual Claims for Violation of AMWA Minimum Wage Provisions)

87. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

88. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the AMWA.

89. At all relevant times, Plaintiffs have been "employees" of Defendant's, as defined by Ark. Code Ann. § 11-4-203(3).

90. At all relevant times, Defendant was an "employer" of Plaintiffs as defined by Ark. Code Ann. § 11-4-203(4).

91. Defendant has violated Ark. Code Ann. § 11-4-212 by failing to ensure that Plaintiffs actually received gratuities sufficient to raise their effective wages to the applicable minimum wage.

92. Defendant failed to pay Plaintiffs the minimum wages required under the AMWA for tipped work and for non-tipped work.

93. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

94. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

## IX. FIFTH CLAIM FOR RELIEF

### (FLSA Misclassification as to Plaintiff Wolfe)

95. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

96. In weeks in which Defendant classified Plaintiff Wolfe as a manager, Defendant violated the overtime provisions of the FLSA by failing to pay Plaintiff Wolfe overtime premiums for all hours worked in excess of forty (40) per week.

97. Plaintiff Wolfe was non-exempt from the overtime provisions of the FLSA because Defendant failed to pay her a salary of at least $455.00 per week.

98. In weeks in which Defendant classified Plaintiff Wolfe as a manager, Defendant violated the minimum wage provisions of the FLSA because Wolfe's effective hourly rate was less than the applicable minimum wage.

99. As a result of Defendant's violations of the FLSA, Defendant is liable to Plaintiff Wolfe for compensatory damages equal to the minimum wage required by the FLSA, including overtime premiums, for all hours worked, less the amount Defendant actually paid her.

100. Defendant is also liable to Plaintiff Wolfe for liquidated damages in an amount equal to her compensatory damages, as well as a reasonable attorneys' fee and the costs of this action.

## X. SIXTH CLAIM FOR RELIEF

### (AMWA Misclassification as to Plaintiff Wolfe)

101. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

102. In weeks in which Defendant classified Plaintiff Wolfe as a manager, Defendant violated the overtime provisions of the AMWA by failing to pay Plaintiff Wolfe overtime premiums for all hours worked in excess of forty (40) per week.

103. Plaintiff Wolfe was non-exempt from the overtime provisions of the AMWA because Defendant failed to pay her a salary of at least $455.00 per week.

104. In weeks in which Defendant classified Plaintiff Wolfe as a manager, Defendant violated the minimum wage provisions of the AMWA because Wolfe's effective hourly rate was less than the applicable minimum wage.

105. As a result of Defendant's violations of the AMWA, Defendant is liable to Plaintiff Wolfe for compensatory damages equal to the minimum wage required by the AMWA, including overtime premiums, for all hours worked, less the amount Defendant actually paid her.

106. Defendant is also liable to Plaintiff Wolfe for liquidated damages in an amount equal to her compensatory damages, as well as a reasonable attorneys' fee and the costs of this action.

## XI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Melissa Wolfe and Misty Johnson, each individually and on behalf of all members of the putative classes, respectfully request this Court grant the following relief:

(a) Summon Defendant to appear and answer herein;

(b) Certify this action as a class action pursuant to Rule 23 of the Arkansas Rules of Civil Procedure;

(c) Designate Plaintiffs as representatives of the class;

(d) Designate Sanford Law Firm, PLLC, as class counsel;

(e) Enter declaratory judgment that the practices complained of herein are unlawful under Arkansas law;

(f) Enter an Order for complete and accurate accounting of all the compensation to which Plaintiffs and putative class members are entitled;

(g) Award Plaintiffs and putative class members compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage for a period of three (3) years prior to this lawsuit through the date of trial;

(h)     Certification of a collective action pursuant to the FLSA and the Federal Rules of Civil Procedure, with all attendant notices to collective members, all as set forth above and as to be explained more fully by motion practice;

(i)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

(j)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

(k)     An award to Plaintiffs of all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action, together with all applicable interest; and

(l)     All such other and further relief to which this Court may find Plaintiffs entitled.

Respectfully submitted,

**MELISSA WOLFE and MISTY JOHNSON, Each Individually and on Behalf of all Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER,
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: /s/ Steve Rauls
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MELISSA ANN WOLFE, Individually
And On Behalf Of All Others Similarly                                PLAINTIFF
Situated

vs.                           No. 5:17-cv-_____

SAM'S SOUTHERN EATERY                                                DEFENDANT

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed by Sam's Southern Eatery within the three years before the signing of this document. I understand this suit is being brought under the Fair Labor Standards Act (FLSA) for overtime compensation. As a current or former employee of Defendant I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Misty Johnson

c/o Sanford Law Firm, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MELISSA ANN WOLFE, Individually
And On Behalf Of All Others Similarly
Situated**                                                                                           **PLAINTIFF**

vs.                              No. 5:17-cv-_____

**SAM'S SOUTHERN EATERY**                                                            **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed by Sam's Southern Eatery within the three years before the signing of this document. I understand this suit is being brought under the Fair Labor Standards Act (FLSA) for overtime compensation. As a current or former employee of Defendant I consent to becoming a party plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

_____
MELISSA ANN WOLFE

c/o Sanford Law Firm, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211