IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MELISSA WOLFE and MISTY JOHNSON,
Individually and on Behalf of all Others
Similarly Situated                                    PLAINTIFFS

v.                    No. 5:17-cv-245-DPM

BASSAM ARAFA; MONTICELLO SEAFOOD
EATERY, INC.; WHITEHALL SEAFOOD, INC.;
WYNNE SEAFOOD & MOORE, INC.; and
FORREST CITY SEAFOOD, INC.         DEFENDANTS &
                                   COUNTER-CLAIMANTS*

v.

MELISSA WOLFE, Individually and
on Behalf of all Others Similarly
Situated                           COUNTER-DEFENDANT

ORDER

Melissa Wolfe and Misty Johnson allege that their employers failed to pay them minimum wage and overtime in violation of the Fair Labor Standards Act and the Arkansas Minimum Wage Act. Monticello Seafood Eatery has gone on the offensive by asserting counterclaims for fraud and conversion against Wolfe.** № 19-1 at 14–

---

* Monticello Seafood Eatery, Inc. is the only counter-claimant. № 14 at 14–20 & № 19-1 at 14–20. The Court directs the Clerk to update the docket.
** Monticello has dropped its counterclaim for breach of an agency agreement. № 19 at 1 & № 19-1 at 14–20.

20. Monticello says that Wolfe, while managing its restaurant, underpaid employees by reporting fewer hours than the employees actually worked. It also says that Wolfe stole money and payroll records from the restaurant.

Monticello's state-law counterclaims aren't part of the same controversy as the FLSA claims. 28 U.S.C. § 1367(a). They are surely employment related. But this is a wage case. The fact that an employee has stolen from her employer doesn't make a difference on whether that employee has been improperly denied wages under FLSA. *Jolly v. Chi*, 4:16-cv-09-DPM, Order № 21; *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740–43 (5th Cir. 2010). Theft may be relevant evidence on the employee's credibility; but that evidentiary issue can be developed as needed in due course. Plus, it's too early to tell whether this case is just about Wolfe or many other employees and other locations. If this is a solid collective action, Wolfe's alleged theft is even further from the core issues.

Monticello says it needs the payroll records, which Wolfe allegedly took, in order to respond to the FLSA claims. Of course. But record access is a discovery dispute, which may turn into an evidentiary issue if records are gone for good. The Court can and will address those points as they may arise. And if Monticello believes any records were altered to misrepresent employees' hours, it can argue Wolfe's actions by way of defense to the FLSA claims. There's no need

to tangle this case up on what more Monticello might have to show against Wolfe alone to recover on its potential state-law tort claims against her.

*   *   *

Supplemental papers, № 28 & № 29, noted and considered. Motion, № 17, granted. Monticello's counterclaims against Wolfe, № 19-1 at 14–20 & № 14 at 14–20, are dismissed without prejudice.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

20 March 2018